**CASE BROTHERS TRUCKING CONTRAC-TORS, Inc., Appellant,**

**v.**

**June FORD et al., Appellees.**

**No. 3235.**

Court of Civil Appeals of Texas.

Eastland.

June 8, 1956.

Rehearing Denied June 29, 1956.

Leachman, Gardere, Akin & Porter, Dallas, for appellant.

Freels, Elliot & Nall, Sherman, for appellees.

LONG, Justice.

June Ford, for herself and as next friend for her four minor children, instituted this suit against Case Brothers Trucking Contractors, Inc., for damages for the wrongful death of Marvin Ford, the husband of June Ford and the father of the minor children: Case Brothers filed a plea of privilege to be sued in Cooke County where its principal place of business is located. Plaintiffs controverted said plea and upon a hearing the same was overruled. Case Brothers have appealed.

The trial court filed the following findings of fact and conclusions of law:

"Marvin Ford on or about April 27, 1954, was working as an employee of

Shell Oil Company in the capacity of a head roustabout and about 2:30 p. m., on said day, was engaged in setting a conduit pipe into a hole in the ground on the Shell Oil Company's Green Lease in the Big Mineral Oil Field in Grayson County, Texas. On the occasion in question said Ford and Leonard Neal were at the rear of a motor truck which had thereon a winch apparatus and some gin poles and while the machinery or equipment was being operated, and a cable being pulled through the 'snatch block' to lower said conduit pipe into said hole, said gin poles spread and fell and some of the equipment fell upon Ford and crushed him which resulted in his death. This all occurred in Grayson County, Texas.

"The truck and equipment, mentioned above, was being operated by the servants, agents and representatives of the defendant acting within the scope of their employment.

"The servants, agents and representatives of the defendant were guilty of negligence in using and operating the equipment without vertical pins inserted through the dowels in such a manner as to keep the bottom ends of the gin poles from spreading and coming loose; and also in using a chain which was not strong enough to hold the machinery together but which was so weak it broke.

"These acts and omissions of negligence occurred in Grayson County, Texas, where this suit is filed. Such acts and omissions were that of the defendant's servants and representatives acting within the scope of their employment, and were a proximate cause of the injuries of Ford and his death and, therefore, the defendant's Plea of Privilege should be overruled."

Appellant contends the evidence is undisputed that venue was improperly laid in Grayson County under any subdivision of Article 1995. We do not agree with this contention. We believe that venue is properly laid in Grayson County under subdivision 9a, Article 1995, Vernon's Annotated Civil Statutes as amended. Said article provides as follows:

"9a. Negligence.—A suit based upon negligence per se, negligence at common law or any form of negligence, active or passive, may be brought in the county where the act or omission of negligence occurred or in the county where the defendant has his domicile. The venue facts necessary for plaintiff to establish by a preponderance of the evidence to sustain venue in a county other than the county of defendant's residence are:

"1. That an act or omission of negligence occurred in the county where suit was filed.

"2. That such act or omission was that of the defendant, in person, or that of his servant, agent or representative acting within the scope of his employment.

"3. That such negligence was a proximate cause of plaintiff's injuries."

The evidence when viewed in its most favorable light in support of the judgment is sufficient to sustain the findings of the trial court. It is undisputed that the truck and equipment used in the operation on the day that Marvin Ford was killed were furnished by the appellant and were being operated by its employees. There is evidence that the chain used on that occasion was not strong enough to hold the machinery together but was so weak it broke. There was evidence that appellant did not use cables to hold the gin poles aloft; that it did not use two chains, one on the top of each pole, as is usually done. It used a single length chain made of two different sizes hooked together. The witness Neal testified as follows:

"Q. In other words, one of the two chains that were hooked together to make a single chain running from the

headache rack up to and around the top of the gin poles, broke? A. That's right.

"Court: Then what made those gin poles fall after those chains broke loose? A. There was nothing to hold them up."

There was evidence that the appellant was guilty of negligence in using and operating the equipment without vertical pins being inserted through the dowel in such a way as to keep the bottom ends of the gin pole from spreading and coming loose. The witness Neal further testified:

"Q. Was he (identified as Appellant's employee) using that equipment in that manner without a vertical pin through that dowel to keep the bottom arms of the gin poles from slipping off to the side? A. There was no pin through the dowels.

"Q. Are those dowels provided to have a pin put through there? A. I couldn't say that those are or not, but there should be.

"Q. Was there anything fixed on the dowels to keep those arms from slipping off the dowels? A. No.

"Q. The arms did come off? A. They did. The one on the left side came off. The one on the right side did not."

We have carefully considered the record and are of the opinion that appellees brought their case squarely within subdivision 9a of Article 1995 as amended. The pleadings show that this is a suit grounded in negligence. The evidence discloses that the negligence occurred in Grayson County where the suit is filed. The evidence further shows that such negligent acts were that of the agents and servants of the appellant acting within the scope of their employment and that such negligence was the proximate cause of the death of Marvin Ford. The judgment of the trial court is affirmed.